**ANOTO AB, Plaintiff–Appellee,**

v.

**Oral F. SEKENDUR, Defendant–
Appellant.**

No. 05–1115.

United States Court of Appeals,
Federal Circuit.

July 5, 2005.

Oral F. Sekendur, pro se.

Before NEWMAN, CLEVENGER, and RADER, Circuit Judges.

RADER, Circuit Judge.

*ORDER*

Anoto AB moves to dismiss Oral F. Sekendur's appeal as moot. Sekendur opposes. Anoto replies. Sekendur moves for leave to file a surreply, with surreply attached.

Anoto sued Sekendur in the United States District Court for the Northern District of Illinois, case no. 03–CV–4723, seeking, inter alia, a declaratory judgment of noninfringement and invalidity of the patent that Sekendur then owned. Sekendur counterclaimed. The district court granted summary judgment of nonin-

fringement and invalidity and entered a judgment, pursuant Fed.R.Civ.P. 54(b), on count III of Anoto's complaint and on Sekendur's counterclaim. Sekendur appealed to this court, appeal no. 05–1115.

Meanwhile, Sekendur assigned various patent assets, including the patent at issue in this case and the right to collect past damages from accused infringers, to another party. Anoto now moves to dismiss Sekendur's appeal on the ground that because Sekendur has no legal interest in the patent, Sekendur's appeal is moot.

We agree that there is no longer a case or controversy concerning the appeal. Sekendur has not shown any legal interest in the patent. "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *NEC Corp. v. United States*, 151 F.3d 1361, 1369 (Fed.Cir.1998) (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)).

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.

(2) Sekendur's motion for leave to file a surreply is granted.

(3) Each side shall bear its own costs.